IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SENICA FRANKLIN                                                             PETITIONER

VERSUS                                               CIVIL ACTION NO. 1:05cv489WJG-JMR

SHERIFF GEORGE PAYNE                                                        RESPONDENT

O R D E R

This cause comes before the Court on the motion of the Respondent, Sheriff George Payne, to dismiss [12-1] for failure to state a claim upon which relief can be granted, or for failure to exhaust.  Franklin claims in his petition for writ of *habeas corpus* that he is being held in violation of the constitution of the United States of America.  (Ct. R., Doc. 1, p. 2.)

After serving 27 months confinement pursuant to the sentence imposed by the United States District Court for the Southern District of Mississippi in *United States v. Senica Franklin*, Cause No. 1:02cr5WJG-JMR, Franklin was released from imprisonment and began a period of three years supervised release on October 17, 2003.  (Ct. R., Doc. 1, Exh. C; Doc. 12, Exh. C.) Franklin was arrested on November 13, 2003, by the Gulfport, Mississippi, police on charges of public drunk and domestic violence; armed robbery; aggravated assault; and weapon possession. (Ct. R., Doc. 12, p. 2 and Exh. C.)  Franklin violated the terms of his supervised release, and a warrant for his arrest for violation of his supervised release was issued on February 23, 2004. (Ct. R., Doc. 12-2, p. 7.)  On October 7, 2004, he was sentenced to a period of 11 months in prison on the charge of violation of his supervised release.  (Ct. R., Doc. 1, Exh. A.)

According to Franklin, his sentence for the supervised release exceeded the sentence outlined in the original judgment by one month. (Ct. R., Doc. 1, p. 5.) He claims he should receive credit for time served following his arrest on state charges. (*Id.*, p. 6.) Franklin seeks immediate release based on his claim that he is entitled to credit against his federal sentence for the time served since his arrest in Harrison County. (*Id.*, pp. 5-10.) Franklin also requests that he should no longer be under the revocation order or under supervised release from his original sentence in the United States District Court for the Southern District of Mississippi. *Id.*

At the time this petition was filed, Franklin was incarcerated in the Harrison County Adult Detention Center [HCADC] as a pretrial detainee pursuant to a multi-count indictment from the First Judicial District of Harrison County, Mississippi. (Ct. R., Doc. 12-2, Exh. B.) The United States Marshall Service lodged a detainer against Franklin for the 11 month sentence to be served if and when he is released from state custody. (Ct. R., Doc. 12, p. 2.)

Defendant is not entitled to federal prison credit for jail time served in state custody despite a federal detainer when he is incarcerated on state charges. *See United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988). A federal prisoner is only entitled to credit for time spent "in custody in connection with the offense or acts for which sentence was imposed." *United States v. Mares*, 868 F.2d 151, 152 (5th Cir. 1989). Franklin's incarceration prior to the time the judgment was entered on his revocation was due to the pending charges entered by Harrison County. Thus, Franklin has failed to assert any grounds which would permit this Court to credit him with time served while in state custody. *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). Accordingly, the Court finds no grounds for granting *habeas* relief on

Franklin's claims.  The Court further finds that the motion to dismiss should be granted.  It is therefore,

ORDERED AND ADJUDGED that the respondent's motion to dismiss [12-1] be, and is hereby, granted.  It is further,

ORDERED AND ADJUDGED that this cause be dismissed with prejudice.

SO ORDERED AND ADJUDGED, this the 6th day of March, 2007.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE